# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>**Plaintiff**<br>v.<br>RICKY DAVIS,<br>**Defendant** | CASE NO. 1:12-CR-0056 AWI BAM<br><br>**ORDER FOR PARTIES TO MEET AND CONFER AND ORDER FOR ADDITIONAL BRIEFING** |

Following a jury trial, on amended judgment was entered against Defendant on December 19, 2017. Defendant had been sentenced to 300 months imprisonment and 120 months of supervised release for violating 18 U.S.C. § 2251(a), sexual exploitation of a minor. See Doc. No. 191. Defendant appealed the amended judgment.

On May 9, 2019, the Ninth Circuit affirmed in part and vacated and remanded in part. See Doc. No. 197. The Ninth Circuit affirmed the 300 month imprisonment and 120 months of supervised release. See id. However, the Ninth Circuit also held that Defendant was given insufficient notice of a portion of Special Condition 8 of his supervised release, which limited Davis's access to adult pornography. See id. The Ninth Circuit vacated the imposition of Special Condition 8 and remanded to the Court with instructions to give Davis the opportunity to argue why Special Condition 8 is improper (including any constitutional challenges that may be appropriate). See id. Mandate issued June 21, 2019. See Doc. No. 199. A review of the record indicates that no further filings have been made in this case.

Given the instructions from the Ninth Circuit, the Court will set a briefing schedule and a resentencing hearing that is limited to Special Condition 8. However, the Court will also order the parties to meet and confer regarding Special Condition 8. If, during the meet and confer process,

the parties can agree to a resolution of any issues concerning Special Condition 8, then the parties will be ordered to file a stipulation with the Court.  The stipulation should explain what the parties agree to with respect to Special Condition 8 and why they believe their agreed upon resolution should be followed by the Court.  If appropriate, the Court will follow the stipulation and vacate any further deadlines and dates.  However, if the parties are unable to agree to a resolution of the Special Condition 8 issue, then they will follow the briefing schedule.[1]

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. As soon as possible, the parties shall meet and confer in an attempt to arrive at a stipulated resolution of the Special Condition 8 issue;

2. If the parties can stipulate to an agreed resolution of the Special Condition 8 issue, then the parties shall immediately file a stipulation (as described above);

3. If the parties are unable to agree on a stipulated resolution of the Special Condition 8 issue, then by October 26, 2020, Defendant shall file any objections that he may have to the imposition of Special Condition 8;

4. On November 9, 2020, the United States shall file a response;

5. On November 16, 2020, Defendant shall file a reply; and

6. Re-sentencing with respect to the Special Condition 8 issue will be held on November 23, 2020 at 10:30 a.m.[2]

IT IS SO ORDERED.

Dated:   October 7, 2020

SENIOR DISTRICT JUDGE

---

[1] The Court notes that the docket reflects that Defendant is still represented by the Federal Defender's Office.

[2] As the November 23, 2020 hearing approaches, the Court will determine whether an in person hearing or a Zoom hearing is appropriate and will issue appropriate orders.