AO 243 (Rev. 09/17)

## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District Eastern District of California |
|---|---|
| Name (under which you were convicted): #68550-097 RICKY DAVIS   FCI, 33½ Pembroke Rd, Danbury, CT 06811 | Docket or Case No.: 1:12-cr-0056-AWI |
| Place of Confinement: FCI Danbury | Prisoner No.: 68550-097 |
| UNITED STATES OF AMERICA  V. | Movant (include name under which convicted) RICKY DAVIS |

### MOTION

FILED
MAR 02 2021
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY ___ DEPUTY CLERK

1. (a) Name and location of court which entered the judgment of conviction you are challenging:
   United States District Court
   Eastern District of California

   (b) Criminal docket or case number (if you know): 1:12-cr-0056-AWI

2. (a) Date of the judgment of conviction (if you know): July 24, 2015

   (b) Date of sentencing: _____

3. Length of sentence: 300 months incarceration, 120 mos. supervised release

4. Nature of crime (all counts): Found guilty of one count of sexual exploitation of a minor in violation of 18 U.S.C. 2251(a) and one count of attempted sex trafficking of a minor in violation of 18 U.S.C. 1591(a)(1) and 1594(a). Found not guilty of attempted sex trafficking by force, fraud, or coercion.

5. (a) What was your plea? (Check one)
   (1) Not guilty [✓]   (2) Guilty [ ]   (3) Nolo contendere (no contest) [ ]

6. (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

6. If you went to trial, what kind of trial did you have? (Check one)   Jury [✓]   Judge only [ ]

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?   Yes [ ]   No [✓]

Page 2 of 13

AO 243 (Rev. 09/17)

8. Did you appeal from the judgment of conviction? Yes ☑ No ☐

9. If you did appeal, answer the following:
   (a) Name of court: U.S. Court of Appeals for the Ninth Circuit
   (b) Docket or case number (if you know): No. 15-10402
   (c) Result: Denied
   (d) Date of result (if you know): _____
   (e) Citation to the case (if you know): _____
   (f) Grounds raised: 1. Davis's conviction for attempted sex trafficking of a minor must be reversed because the Government failed to establish the requisite elements of 18 U.S.C. 1591 and 1594 beyond a reasonable doubt. 2. The jury instruction permitting Davis's conviction under 1591 upon proof that he "had reasonable opportunity to observe" Bianca constituted a constructive amendment of the indictment. 3. Because Congress did not specify from whose perspective the "opportunity to observe" ✱

   (g) Did you file a petition for certiorari in the United States Supreme Court? Yes ☑ No ☐
      If "Yes," answer the following:
      (1) Docket or case number (if you know): S.Ct. 19-5905
      (2) Result: Denied
      (3) Date of result (if you know): February 24, 2020
      (4) Citation to the case (if you know): _____
      (5) Grounds raised: ✱ must be "reasonable," 1591(c) lacks the necessary precision to guide judges and juries in a consistent application of the statute rendering 1591(c) unconstitutionally vague. 4. As a matter of statutory construction 18 U.S.C. 2251(a) requires that the Government prove that the Defendant acted with some degree of scienter with respect to the dispositive fact of the subject's age, and the District Court erred in failing to so instruct the jury. 5. If 2251(a) is a strict liability offense, ✱

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
    Yes ☐ No ☑

11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court: _____
        (2) Docket or case number (if you know): _____
        (3) Date of filing (if you know): _____

✱ Davis admitted all of the elements of the offense and expressed remorse at the outset of the investigation, and the district court erred when it denied him a reduction for acceptance of responsibility. 6. The district court committed procedural error by failing to create a sufficient record to permit meaningful appellate review of the reasoning underlying the sentence imposed.

AO 243 (Rev. 09/17)

    (4) Nature of the proceeding: _____

    (5) Grounds raised:

    (6) Did you receive a hearing where evidence was given on your motion, petition, or application?
        Yes ☐    No ☐

    (7) Result: _____

    (8) Date of result (if you know): _____

(b) If you filed any second motion, petition, or application, give the same information:

    (1) Name of court: _____

    (2) Docket of case number (if you know): _____

    (3) Date of filing (if you know): _____

    (4) Nature of the proceeding: _____

    (5) Grounds raised:

    (6) Did you receive a hearing where evidence was given on your motion, petition, or application?
        Yes ☐    No ☐

    (7) Result: _____

    (8) Date of result (if you know): _____

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

    (1) First petition:    Yes ☐    No ☐

    (2) Second petition:    Yes ☐    No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** Trial counsel was constitutionally ineffective for failing to prevent an impermissable jury instruction that constituted a
   (a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
Constructive amendment to the indictment.

I reserve the right to amend this ground under the equitable tolling request outlined in Item 18 of this petition.

(b) **Direct Appeal of Ground One:**
   (1) If you appealed from the judgment of conviction, did you raise this issue?
       Yes ☑   No ☐
   (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**
   (1) Did you raise this issue in any post-conviction motion, petition, or application?
       Yes ☐   No ☑
   (2) If you answer to Question (c)(1) is "Yes," state:
   Type of motion or petition: _____
   Name and location of the court where the motion or petition was filed:

   Docket or case number (if you know): _____
   Date of the court's decision: _____
   Result (attach a copy of the court's opinion or order, if available):

   (3) Did you receive a hearing on your motion, petition, or application?
       Yes ☐   No ☐

AO 243 (Rev. 09/17)

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND TWO:** The jury guidance issued by the Court contained vagueries and errors that prejudiced the defendant.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Because Congress did not specify from whose perspective the "opportunity to observe" must be reasonable, 18 U.S.C. 1591(c) lacks the necessary precision to guide judges and juries in a consistent application of the statute. As a matter of statutory construction, 18 U.S.C. 2251(a) requires the Government prove the Government prove the Defendant acted with some degree of scienter with respect to the dispositive fact of the subject's age; the Court erred in failing to so instruct the jury. I reserve the right *

(b) Direct Appeal of Ground Two:

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☑   No ☐

* to amend this ground under the equitable tolling request outlined in Item 18 of this petition.

AO 243 (Rev. 09/17)

    (2) If you did not raise this issue in your direct appeal, explain why:

---

  (c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐  No ☑

    (2) If you answer to Question (c)(1) is "Yes," state:

    Type of motion or petition: _____

    Name and location of the court where the motion or petition was filed:

---

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available):

---

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ☐  No ☐

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ☐  No ☐

    (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

        Yes ☐  No ☐

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:

---

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available):

---

    (7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

AO 243 (Rev. 09/17)

GROUND THREE: <u>The Court erred when it denied the Defendant a reduction for acceptance of responsibility.</u>

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

If 2251(a) is a strict liability offense, the Defendant admitted all of the elements of the offense and expressed remorse at the <u>outset</u> of the investigation.

I reserve the right to amend this ground under the equitable tolling request in Item 18 of this petition.

(b) **Direct Appeal of Ground Three:**
  (1) If you appealed from the judgment of conviction, did you raise this issue?
      Yes ☑   No ☐
  (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**
  (1) Did you raise this issue in any post-conviction motion, petition, or application?
      Yes ☐   No ☑
  (2) If you answer to Question (c)(1) is "Yes," state:
  Type of motion or petition: _____
  Name and location of the court where the motion or petition was filed: _____

  Docket or case number (if you know): _____
  Date of the court's decision: _____
  Result (attach a copy of the court's opinion or order, if available):

  (3) Did you receive a hearing on your motion, petition, or application?
      Yes ☐   No ☐
  (4) Did you appeal from the denial of your motion, petition, or application?
      Yes ☐   No ☐
  (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
      Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR:** The Government failed to establish the requisite elements of 18 U.S.C. 1591 and 1594 beyond a reasonable doubt.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

I reserve the right to amend this ground under the equitable tolling request outlined in Item 18 of this petition.

(b) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☑   No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐   No ☑

(2) If you answer to Question (c)(1) is "Yes," state:

AO 243 (Rev. 09/17)

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐  No ☐

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐  No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐  No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

_____

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

I reserve the right to amend my response and grounds under the equitable tolling request in Item 18 of this petition, given especially the presently unknown (at least to me) outcome of <u>U.S. v. Guizar-Cuellar</u>, Case No. 16-cr-150 (N.D. Cal.) in which the same former minor is the alleged victim. I may raise trial counsel's failure to assert Rules 608 and 609 regarding the victim's character and truthfulness in light of this new case.

Page 10 of 13

AO 243 (Rev. 09/17)

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the you are challenging?  Yes ☐  No ☑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At the preliminary hearing:

(b) At the arraignment and plea:

(c) At the trial: Ass't Fed. Defenders    2300 Tulare Street, Suite 330
Ann McGlenon, Andras Farkas   Fresno, CA 93721

(d) At sentencing:
Same

(e) On appeal:    2300 Tulare Street, Suite 330
Peggy Sasso, Ass't Fed. Defender,   Fresno, CA 93721

(f) In any post-conviction proceeding:

(g) On appeal from any ruling against you in a post-conviction proceeding:

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?  Yes ☑  No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?  Yes ☐  No ☑

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:
(c) Give the length of the other sentence:
(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?  Yes ☐  No ☐

Page 11 of 13

AO 243 (Rev. 09/17)

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

The statute of limitations contained in Section 2255 is subject to equitable tolling. U.S. v. Battles, 362 F.3d 1195 (9th Cir., Mar. 30, 2004.) FCI Danbury, the prison in which I am incarcerated, has been one of the worst-hit and most mismanaged federal prisons during this present COVID-19 pandemic. See Memorandum by Attorney General William Barr (April 3, 2020). The prison has been in a lockdown since March 13, 2020 with virtually no access to the law library. I respectfully request a three-month extension to amend this petition; only last week have I had any meaningful access to the library. We are permitted on average forty minutes a week and the sole inmate clerk was placed in the SHU (Special Housing Unit) after helping other inmates; these conditions, and the difficulties they impose, warrant said extension. See, e.g., Cowan v. Davis, 2020 U.S. Dist. LEXIS 208523 at *3-4 (E.D. Calif., Nov. 6, 2020); see also Mollner v. Williams, 2020 U.S. Dist. LEXIS 204002 at *2 (D. Nev., Nov. 2, 2020). A modest extension in time would permit a properly documented and argued petition on my part, given that I only recently regained any meaningful (if still extremely limited) access to the library.

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:
   A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
      (1) the date on which the judgment of conviction became final;
      (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
      (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
      (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

AO 243 (Rev. 09/17)

Therefore, movant asks that the Court grant the following relief: to vacate, set aside, or correct his sentence in the above-referenced matter or any other relief to which movant may be entitled. He further requests that the equitable tolling request in Item 18 of this petition be granted.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on February 24, 2021.
(month, date, year)

Executed (signed) on February 24, 2021 (date)

_____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

Page 13 of 13

BEARS STRIKING SIMILARITIES TO HER "EXPERIENCES" WITH MR. DAVIS.

MR. DAVIS ASSERTS THAT HIS COUNSEL FAILED TO ASSERT RULES 608 & 609 REGARDING THE VICTIMS CHARACTER AND TRUTHFULLNESS.

MR. DAVIS MAINTAINS HIS CLAIM OF INNOCENCE IN ASPECTS OF THIS CASE. MR. DAVIS BELIEVES THAT PROPER COUNSEL WOULD HAVE FOUGHT FOR HIS RIGHTS AND EXPOSED THE INJUSTICES IN HIS CASE.

BY FAILING TO SET ASIDE OR CORRECT THIS SENTENCE A GRAVE INJUSTICE HAS OCCURRED.

MR. DAVIS'S CONCERNS WITH HIS CASE HAS A MULTITUDE OF

THE TESTIMONY OF THE SOLE VICTIM / WITNESS IS A MAJOR CONCERN. THE VICTIM, ON SEVERAL OCCASSIONS LIED UNDER OATH TO MINIMIZE HER FULL INVOLVEMENT IN THE PROSTITUTION ACTIVITIES THAT SHE WAS ENGAGED IN PRIOR TO HER ENCOUNTER WITH MR. DAVIS.

FURTHER, THE VICTIM TESTIFIED THAT OTHERS "PIMPED" HER OUT (AGAINST HER WISHES) AFTER HER ENCOUNTER WITH MR. DAVIS.

IN ADDITION, THE VICTIM IS TESTIFYING AS A VICTIM (AGAIN) IN U.S. V GUIZAR-CUELLAR, 16-CR-150 (N.D. CAL) WHICH

ASSISTANCE TO PREPARE A MOTION.

⑩ ACCORDING TO CRIMINAL PROCEDURE CH

⑬ 201 § 3006A(a) ⑬ "... THE INTERESTS

OF JUSTICE SO REQUIRE, REPRESENTATION MAY

BE PROVIDED FOR ANY (FINANCIALLY

ELLIGIBLE) PERSON..."

MR. DAVIS SUBSIDES ON THE GENEROSITY OF

HIS FAMILY. CURRENTLY THERE IS NO WORK

AVAILABLE AT FCI DANBURY DUE TO COVID LOCKDOWN.

NOR HIS FAMILY
MR. DAVIS HAS NO ACCESS TO THE FUNDS NECESSARY

TO FIGHT FOR HIS RIGHTS.

US V. EVELIA QUINTERO-ARAUJO (343 F. SUPP.2D 935) CR-02-44-E 2004

SUPPORTS THE APPOINTMENT OF COUNSEL

Now comes the Defendant, RICKY DAVIS, respectfully petitioning the court for appointment of counsel for a 28 USC §2255 filing to vacate, set aside or correct a sentence. According to ~~previous counsel~~, Mr. Davis has a right to file this motion.

~~against previous attorneys~~

The current conditions endured by Mr. Davis at FCI Danbury has hampered his ability to properly research and prepare a 28 USC 2255 motion. COVID-19 Protocol ~~lockdown~~ since March 13, 2020 has resulted in 24 hour lockdown, with no access to the law library for research, typing, copying or