1
2
3
4
5
6
7
8
9
10
11
12
13

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                **Plaintiff-Respondent,**<br><br>    v.<br><br>RICKY DAVIS,<br><br>                **Defendant-Movant.** | **CASE NO. 1:12-cr-0056-AWI-BAM**<br><br>**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255**<br><br>(Doc. No. 206) |

14   On February 24, 2021, Ricky Davis, a federal prisoner proceeding pro se, filed a motion to

15   vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  For the reasons that follow, the

16   Court will deny his motion.

17

18   <u>**BACKGROUND**</u>

19   Following a jury trial, Davis was convicted on one count of sexual exploitation of a minor,

20   in violation of 18 U.S.C. § 2251(a), and one count of attempted sex trafficking of children, in

21   violation of 18 U.S.C. §§ 1591(a)(1) and 1594.  Doc. No. 156.  The Court sentenced Davis to two

22   concurrent terms of 300 months of imprisonment and 120 months of supervised release.  <u>Id.</u>  A

23   judgment of conviction was entered on July 24, 2015.  <u>Id.</u>

24   On appeal, the Ninth Circuit affirmed Davis's sexual exploitation conviction.  <u>United</u>

25   <u>States v. Davis</u>, 687 F. App'x 534, 535–36 (9th Cir. 2017).  It also reversed Davis's conviction for

26   attempted sex trafficking, holding that the jury instruction permitting his conviction under

27   § 1591(a) constituted a constructive amendment of the indictment.  <u>United States v. Davis</u>, 854

28   F.3d 601, 603–06 (9th Cir. 2017).  The Ninth Circuit vacated Davis's entire sentence and

1  remanded the case "for resentencing on Davis' single remaining conviction on an open record or,

2  alternatively, for Davis to be retried on the [attempted sex trafficking] charge." Id. at 606.

3      On remand, the government moved to dismiss the attempted sex trafficking charge, and

4  Davis was resentenced to 300 months of imprisonment and 120 months of supervised release for

5  his sexual exploitation conviction.  Doc. No. 191.  An amended judgment of conviction was

6  entered on December 19, 2017.  Id.

7      Davis again appealed, arguing that his sentence should be vacated because it resulted from

8  procedural error and was substantively unreasonable, and that a special condition of supervised

9  release was improperly imposed.  The Ninth Circuit affirmed Davis's sentence, concluding that

10  there was no procedural error and that the sentence was substantively reasonable.  United States v.

11  Davis, 770 F. App'x 347, 348 (9th Cir. 2019).  As to the special condition, the Ninth Circuit

12  vacated the condition and remanded for its reconsideration, holding that Davis was not given

13  proper notice of a portion of the condition before it was imposed.  Id.  Davis's petition for a writ

14  of certiorari was denied.  Davis v. United States, 140 S. Ct. 1131 (2020).

15      Thereafter, this Court entered an order on the parties' stipulation resolving the special

16  condition dispute.  Doc. No. 205.  Davis then filed the motion at bar.  Doc. No. 206.

17

18                                     **LEGAL STANDARD**

19      A federal prisoner making a collateral attack against the validity of his or her conviction or

20  sentence may move to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255.  United

21  States v. Washington, 653 F.3d 1057, 1059 (9th Cir. 2011).  Section 2255 authorizes the

22  sentencing court to grant relief if it concludes that "the sentence was imposed in violation of the

23  Constitution or laws of the United States, or that the court was without jurisdiction to impose such

24  sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise

25  subject to collateral attack." § 2255(a).  Relief is warranted only where a movant has shown "a

26  fundamental defect which inherently results in a complete miscarriage of justice." Davis v. United

27  States, 417 U.S. 333, 346 (1974) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)).  In

28  other words, the movant needs to demonstrate the existence of an error that had a "substantial and

2

1  injurious effect or influence in determining the jury's verdict." <u>United States v. Montalvo</u>, 331

2  F.3d 1052, 1058 (9th Cir. 2003) (quoting <u>Brecht v. Abrahamson</u>, 507 U.S. 619, 638 (1993)).

3      District courts must grant a hearing to determine the validity of a § 2255 motion and make

4  findings of fact and conclusions of law, "[u]nless the motion and the files and records of the case

5  conclusively show that the prisoner is entitled to no relief." § 2255(b).  That is, the court may

6  deny a hearing if the movant's allegations, viewed against the entire record, fail to state a claim for

7  relief or are so palpably incredible or patently frivolous as to warrant summary dismissal.  <u>United</u>

8  <u>States v. Withers</u>, 638 F.3d 1055, 1062–63 & n.3 (9th Cir. 2011).  Movants are not required to

9  allege facts in detail, but they must make specific factual allegations that, if true, would entitle

10  them to relief.  <u>Id.</u> at 1062.

11

12                    **DISCUSSION**

13      Davis raises four grounds for relief in his motion.  For each ground listed, Davis provides

14  no supporting factual allegations or legal arguments and instead states "I reserve the right to

15  amend this ground under the equitable tolling request outlined in Item 18 of this petition."  As to

16  that request for equitable tolling, Davis seeks a three-month extension to amend his motion and

17  attributes the need for an extension to the Covid-19 pandemic causing "virtually no access to the

18  law library" since March 2020.  Davis adds that such "a modest extension in time would permit a

19  properly documented and argued petition."[1]  In addition, Davis attaches to his motion a request for

20  appointment of counsel for purposes of further proceedings on his motion.  Therein, he again

21

22

23  [1] Although Davis partly seeks application of equitable tolling to avoid the one-year limitations period set by 28 U.S.C.
   § 2255(f), the Court finds that he timely filed his motion.  Relevant here is § 2255(f)(1), which states that the
   limitations period shall run from "[t]he date on which the judgment of conviction becomes final."  The Ninth Circuit

24  has explained that "[i]n 'cases in which we either partially or wholly reverse a defendant's conviction or sentence, or
   both, and expressly remand to the district court . . . , the judgment does not become final, and the [§ 2255] statute of

25  limitations does not begin to run, until the district court has entered an amended judgment and the time for appealing
   that judgment has passed.'"  <u>United States v. LaFromboise</u>, 427 F.3d 680, 683–84 (9th Cir. 2005) (alterations in

26  original) (quoting <u>United States v. Colvin</u>, 204 F.3d 1221, 1225 (9th Cir. 2000)).  Further proceedings on remand were
   required after the Ninth Circuit vacated the special condition in Davis's sentence.  <u>Davis</u>, 770 F. App'x at 348.

27  Although a second amended judgment was not entered, these additional proceedings only concluded when the Court
   entered an order on the parties' stipulation resolving the special condition dispute on January 28, 2021.  Davis placed

28  his motion in the prison mailing system less than a month later on February 24, 2021.  <u>See</u> <u>United States v. Winkles</u>,
   795 F.3d 1134, 1146 (9th Cir. 2015) (explaining the prison mailbox rule applies to § 2255 motions).

1   asserts that prison conditions related to the pandemic have hampered his ability to prepare his

2   motion.  The Court will consider all of these matters in turn, starting with the presented claims.

3

4          **A.     Ground One**

5          For his first ground, Davis states:  "Trial counsel was constitutionally ineffective for

6   failing to prevent an impermissible jury instruction that constituted a constructive amendment to

7   the indictment."  Although unstated in this description or the missing factual allegations, this

8   ground appears to be aimed at the same jury instruction for sex trafficking of children under

9   § 1591(a)(1) that the Ninth Circuit determined led to an impermissible constructive amendment of

10  the indictment.  In so far as that is the case, Davis is seeking relief from a conviction and sentence

11  that no longer stand.  After the Ninth Circuit vacated Davis's conviction for attempted sex

12  trafficking of children under 18 U.S.C. §§ 1591(a)(1) and 1594, the government moved to dismiss

13  this count.  Thus, in so far as Davis seeks relief based on those provisions, § 2255 is not a proper

14  vehicle because there exists no conviction or sentence to collaterally attack.  Because this ground

15  is patently frivolous, summary dismissal is warranted.

16

17         **B.     Ground Two**

18         Davis raises two separate claims with his second ground.  As to the first claim, Davis

19  states:  "The jury guidance issued by the Court contained vagaries and errors that prejudiced the

20  defendant.  Because Congress did not specify from whose perspective the 'opportunity to observe'

21  must be reasonable, 18 U.S.C. 1591(c) lacks the necessary precision to guide judges and juries in a

22  consistent application of the statute."  Like above, this claim goes to Davis's since-vacated

23  conviction and sentence under §§ 1591(a)(1) and 1594, and warrants summary dismissal.

24         As to his second claim under this ground, Davis states:  "As a matter of statutory

25  construction, 18 U.S.C. 2251(a) requires the Government prove the Government prove the

26  Defendant acted with some degree of scienter with respect to the dispositive fact of the subject's

27  age; the Court erred in failing to so instruct the jury."  Although this claim is aimed at Davis's

28  still-existing conviction and sentence, it too will fail to provide him with any relief.  When Davis

4

raised this argument in his first appeal, the Ninth Circuit rejected it because, in another case, the

court had already "expressly rejected the argument that § 2251(a) 'should be interpreted to require

the government to prove scienter as to age in its prima facie case'" and "[held] that '[t]he

defendant's awareness of the subject's minority is not an element of the offense.'"  Davis, 687 F.

App'x at 535 (quoting United States v. U.S. Dist. Court for Cent. Dist. of Cal., 858 F.2d 534, 536,

538 (9th Cir. 1988)).  Davis cannot use his § 2255 motion to relitigate issues decided on direct

appeal.  United States v. Hayes, 231 F.3d 1132, 1139 (9th Cir. 2000); United States v. Redd, 759

F.2d 699, 701 (9th Cir. 1985).  Thus, the Court will also summarily dismiss this claim.

### C.    Ground Three

For his third ground, Davis states:  "The Court erred when it denied the Defendant a

reduction for acceptance of responsibility.  If 2251(a) is a strict liability offense, the Defendant

admitted all of the elements of the offense and expressed remorse at the outset of the

investigation."

This argument, which is set up as an alternative to the one addressed immediately above,

goes to the Court's consideration of the two-level downward adjustment for acceptance of

responsibility under U.S. Sentencing Guideline § 3E1.1.  This adjustment is to be applied where

the defendant "clearly demonstrates acceptance of responsibility for his offense[.]"  U.S.S.G.

§ 3E1.1(a); see also United States v. Tuan Ngoc Luong, 965 F.3d 973, 990 (9th Cir. 2020).  The

comments to § 3E1.1 state that "[t]his adjustment is not intended to apply to a defendant who puts

the government to its burden of proof at trial by denying the essential factual elements of guilt, is

convicted, and only then admits guilt and expresses remorse."  U.S.S.G. § 3E1.1 cmt. 2.  Yet, a

defendant's decision to go to trial does not necessarily foreclose application of this adjustment:

> In rare situations a defendant may clearly demonstrate an acceptance of
> responsibility for his criminal conduct even though he exercises his constitutional
> right to a trial.  This may occur, for example, where a defendant goes to trial to
> assert and preserve issues that do not relate to factual guilt (e.g., to make a
> constitutional challenge to a statute or a challenge to the applicability of a statute to
> his conduct).  In each such instance, however, a determination that a defendant has
> accepted responsibility will be based primarily upon pre-trial statements and
> conduct.

1  Id.  "At bottom, the district court must determine whether a defendant 'manifest[ed] a genuine

2  acceptance of responsibility for his actions.'"  Luong, 965 F.3d at 991 (quoting United States v.

3  Cortes, 299 F.3d 1030, 1038 (9th Cir. 2002)).  "The focus of this inquiry must be 'on the

4  defendant's personal contrition, rather than on his exercise of his constitutional rights' in order to

5  'best serve[ ] the purposes of the acceptance of responsibility reduction.'"  Id. (quoting United

6  States v. McKinney, 15 F.3d 849, 853 (9th Cir. 1994)).

7       Davis raised the argument he presents here during the original sentencing hearing and on

8  appeal after this Court declined to apply the § 3E1.1 reduction; however, the Ninth Circuit did not

9  have to reach the issue after vacating his sentence.  Davis, 854 F.3d at 606 n.3.  When the matter

10  returned to this Court, the record shows that the parties further disputed whether § 3E1.1 should

11  apply in briefing submitted before the resentencing hearing.  Doc. Nos. 185, 189.  At that hearing,

12  the Court took argument from the parties before again concluding that Davis's sentence should not

13  be reduced pursuant to a § 3E1.1:

14  
15  
16  
17  
18  
19  
20  
21  
22  
23  
24  
25  
26  
> With respect to acceptance of responsibility, I recognize, as Defense has pointed out, that under Count 1, that a specific finding with respect to age would not be necessary.  However, nonetheless, this was not a passive defense that was presented.  As Defense has pointed out, basically the elements could be found in this case that did not involve a specific finding of age.  But, nonetheless, this was not a passive defense where there was essentially a tacit admission of all the elements but a right to go to trial simply to require the Government to prove its case beyond a reasonable doubt, making sure that the Government did not utilize shortcuts, that there was not evidence presented that would be otherwise inadmissible and that the obligation of the jury would be to determine from all the evidence, including the credibility of the minor, as to whether or not Mr. Davis was guilty of Count 1.  That was not what I saw here in terms of -- I'll just use the term "passive defense."  This was a vigorous defense.  Obviously Mr. Davis had a right to proceed to trial, but I find in this case, based upon the defense presented and his testimony, that in this case there was no acceptance of responsibility.  I'm not even sure at this point there is.  I think Mr. Davis has indicated he regrets what had occurred here.  It may bother him, but I'm not so sure that that's really an acceptance of what he did to this young person, including obviously actual sexual relationship with this minor, posting even for a brief period of time, photographing and having her posted on the Internet, which clearly is not simply as some kind of a social media thing or a modeling thing or anything like that.  So I don't find in this case that there was an acceptance of responsibility pretrial or during the course of the trial or even posttrial.  And, therefore, I am not going to give credit under 3(e)1.1 for acceptance of responsibility.

27  Doc. No. 196 at 20–21.  While Davis did not again raise this specific issue in his second appeal, he

28  contested his sentence in part on grounds of its substantive reasonableness.  The Ninth Circuit

1    rejected this challenge, concluding that this Court did not abuse its sentencing discretion and that

2    the sentence of 300 months of imprisonment was substantively reasonable.  Davis, 770 F. App'x

3    at 348 (citing United States v. Carty, 520 F.3d 984, 992–93 (9th Cir. 2008)).

4              After conducting a full review of the record, the Court finds no reason to now accept a bald

5    claim on application of § 3E1.1 that it has already twice rejected.  Accordingly, Davis is not

6    entitled to relief under § 2255 for this claim.

7

8              **D.       Ground Four**

9              For his fourth ground, Davis states:  "The Government failed to establish the requisite

10   elements of 18 U.S.C. 1591 and 1594 beyond a reasonable doubt."  Because this claim is based on

11   the vacated attempted sex trafficking conviction and sentence, summary judgment is appropriate.[2]

12

13             **E.       Leave to Amend**

14             Throughout his motion, Davis reserves the right to amend his presented claims.  Along

15   with the four grounds discussed above, Davis also reserves the right to add a potential fifth ground

16   that he acknowledges was not previously presented in some federal court.  In both his motion and

17   his request for appointment of counsel, Davis describes this yet-unraised ground as based on the

18   "presently unknown (at least to me) outcome of" a Northern District of California case[3] where,

19   according to Davis, the minor victim in his case "is testifying as a victim (again)" on matters that

20   bear "striking similarities to her 'experiences'" with him.  Davis asserts that "I may raise trial

21   counsel's failure to assert Rules 608 and 609 regarding the victim's character and truthfulness in

22   light of this new case."

23             Given Davis also expressly seeks a three-month extension of time to amend his motion, the

24   Court will broadly construe these matters as a request for leave to amend under Federal Rule of

25   Civil Procedure 15.  See Mayle v. Felix, 545 U.S. 644, 654–55 (2005); United States v. Lenox,

26   670 F. App'x 483, 484–85 (9th Cir. 2016); Rule 12, Rules Governing Section 2255 Proceedings.

27

28   [2] The Ninth Circuit also rejected this argument on direct appeal.  Davis, 687 F. App'x at 535.

     [3] United States v. Guizar-Cuellar, No. CR-16-00150-BLF-3 (N.D. Cal.).

7

Under Rule 15, "[a] court should 'freely give leave [to amend] when justice so requires.' It is properly denied, however, if amendment would be futile." <u>Carrico v. City & Cty. of S.F.</u>, 656 F.3d 1002, 1008 (9th Cir. 2011) (quoting Fed. R. Civ. P. 15(a)(2)); <u>see also</u> <u>Bonin v. Calderon</u>, 59 F.3d 815, 845 (9th Cir. 1995) ("Futility of amendment can, by itself, justify the denial of a motion for leave to amend."). An amendment shall be denied as futile "only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.'" <u>Barahona v. Union Pac. R.R. Co.</u>, 881 F.3d 1122, 1134 (9th Cir. 2018) (quoted source omitted).

For the reasons discussed above, the Court concludes that amendment of the four presented grounds would be futile and will deny leave to further amend those claims.

As to Davis's proposed fifth ground, even if properly raised, this ground too would warrant summary dismissal given its relation to proceedings in a still-ongoing case that commenced only after the completion of Davis's trial. To state a claim for ineffective assistance of counsel, a party must allege that counsel's actions were "outside the wide range of professionally competent assistance," and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Strickland v. Washington</u>, 466 U.S. 668, 690, 694 (1984). "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." <u>Id.</u> at 689. Davis's theory that counsel was constitutionally ineffective for not cross-examining the victim in a certain manner during his trial based on proceedings in a separate case that had not yet been filed fails under its own logic, as well as the standard set forth in <u>Strickland</u>. Accordingly, leave to amend to add this ground will also be denied.

## F.    Appointment of Counsel

Davis requests the appointment of counsel to assist with proceedings on his § 2255 motion. Although there is no constitutional right to counsel for collateral attacks under § 2255, the court shall appoint counsel for an indigent movant where the complexities of a case are such that denial

of counsel would amount to a denial of due process.  See 18 U.S.C. § 3006A(a)(2)(B); Brown v. United States, 623 F.2d 54, 61 (9th Cir. 1980).  "In the absence of such circumstances, a request for counsel in proceedings under section 2255 is addressed to the sound discretion of the trial court."  Dillon v. United States, 307 F.2d 445, 446–47 (9th Cir. 1962).  When exercising that discretion, "the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved."  Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

Neither this case nor the presented grounds are so complex that the denial of due process is threatened without appointment of counsel.  But in raising his claims, Davis has shown no likelihood of success on the merits of his motion.  Having determined that the presented grounds warrant summary dismissal and that further amendment of the presented (and proposed) grounds would be futile, the Court will deny Davis's request for the appointment of counsel.

### G.    Certificate of appealability

A movant cannot appeal from a final order on a § 2255 motion unless a circuit justice or judge issues a certificate of appealability.  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b).  A certificate of appealability may issue only when a movant has made "a substantial showing of the denial of a constitutional right."  § 2253(c)(2).  To satisfy this standard, a movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  The Court will decline to issue Davis a certificate of appealability, determining that reasonable jurists would not find its assessment of Davis's claims to be debatable or wrong.

/ / /

/ / /

/ / /

/ / /

1

**<u>ORDER</u>**

2

      Accordingly, IT IS HEREBY ORDERED that:

3

    1.      Davis's motion under 28 U.S.C. § 2255 (Doc. No. 206) is DENIED;

4

    2.      The Court DECLINES to issue a certificate of appealability; and

5

    3.      The Clerk of the Court is directed to CLOSE this case.

6

7

IT IS SO ORDERED.

8

Dated: __March 30, 2021__              _____

9

                        SENIOR  DISTRICT  JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28