UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff<br><br>        v.<br><br>RICKY DAVIS,<br><br>                Defendant | CASE NO. 1:12-CR-0056 AWI<br><br>ORDER ON DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE<br><br>(Doc. Nos. 208 and 212) |

On January 11, 2022, the Court received a motion under 18 U.S.C. § 3582(c)(1)(A) for compassionate release filed by pro se Defendant Ricky Davis. On January 12, 2022, the Court appointed the Federal Defender's Office to represent Defendant and review his pro se motion. See Doc. No. 209. An attorney was appointed to represent Defendant. See Doc. No. 210. On February 6, 2023, Counsel filed a supplemental brief in support of Defendant's motion. See Doc. No. 212. Counsel also requested permission to file documents under seal; the request was granted. See Doc. Nos. 213, 214. For the reasons that follow, the Court will deny Defendant's motion.

*Background*

On March 25, 2015, Defendant was convicted of violations of (1) 18 U.S.C. § 2251(a) and (2) 18 U.S.C. §§1591(a)(1) and 1594, sexual exploitation of a minor and attempted sex trafficking of children by force, fraud, and coercion. See Doc. No. 138. On July 20, 2015, Defendant was sentenced to a term of 300 months imprisonment with 120 months of supervised release. See Doc. No. 155. Defendant has been incarcerated at Danbury FCI.

*Defendant's Argument*

Defendant argues that "extraordinary circumstances" support a grant of compassionate release. Specifically, Defendant asserts that he has multiple co-morbidities (obesity, history of smoking, and hypertension/high blood pressure) that make him particularly susceptible to COVID-19. Additionally, though he has received two initial doses of the COVID-19 vaccine (Moderna) and a booster (Moderna), he has not yet received a second, bivalent booster.

Further, Defendant argues that his rehabilitative efforts demonstrate that he does not pose a risk to the public.

*Legal Standard*

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" United States v. Aruda, 993 F.3d 797, 799 (9th Cir. 2021) (citing Dillon v. United States, 560 U.S. 817, 819 (2010) and 18 U.S.C. § 3582(c)).  However, Congress provided an exception under 18 U.S.C. § 3582(c)(1)(A) to reduce a sentence for "extraordinary and compelling reasons." Id.  When a defendant "moves for compassionate release under § 3582(c)(1)(A), district courts may reduce his term of imprisonment if four conditions are met: (1) the defendant exhausted administrative remedies; (2) 'extraordinary and compelling reasons' warrant a sentence reduction; (3) a sentence reduction is 'consistent with applicable policy statements' issued by the U.S. Sentencing Commission; and (4) the district court considered the factors set forth in 18 U.S.C. § 3553(a)." United States v. Chen, 48 F.4th 1092, 1094-95 (9th Cir. 2022); see also United States v. Wright, 46 F.4th 938, 945 (9th Cir. 2022).  "While the Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, they cannot be treated as binding constraints on the court's analysis." Wright, 46 F.4th at 946 (internal quotations omitted) (citing Aruda, 993 F.3d at 802).  "In the absence of an applicable policy statement from the Sentencing Commission, the determination of what constitutes extraordinary and compelling reasons for sentence reduction lies squarely within the district court's discretion." Chen, 48 F.4th at 1095 (citing Aruda, 993 F.3d at 801-802).  The inmate bears the "burden to establish his eligibility for compassionate release." Wright, 46 F.4th at 951.

*Discussion*

After review, the Court does not find that extraordinary circumstances exist.  Defendant is imprisoned in Danbury FCI.  Danbury FCI is operating as a Level 1 COVID Facility.  See www.bop.gov/coronavirus/index.jsp; www.bop.gov/coronavirus/covid19_statistics.html.[1]  Level 1 COVID facilities have only minimal modifications being implemented.  Further, no inmate or staff

---

[1] Both sites visited on April 27, 2023.

1  member is currently testing positive for COVID at Danbury FCI. See id. Thus, there is not a
2  substantial outbreak of COVID 19 at Danbury FCI. Understanding and treatment of COVID 19
3  have advanced since Defendant filed his motion. There is nothing before the Court that suggests
4  that the current conditions of Danbury FCI pose a substantial danger to Defendant, or that
5  Defendant will be unable to receive appropriate treatment for any medical condition he has or
6  might get, or that Defendant will be unable to take reasonable preventative steps at either of these
7  prisons to avoid COVID 19. Because extraordinary circumstances do not exist, the Court will
8  deny Defendant's motion.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion for compassionate release (Doc. Nos. 208 and 212) is DENIED; and

2. The Clerk shall send a copy of this order to Defendant at Danbury FCI.

IT IS SO ORDERED.

Dated:  April 28, 2023                              _____
                                                    SENIOR DISTRICT JUDGE

3